UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LISA HACKFORD AND BRANDON HACKFORD,<br><br>    Plaintiffs,<br><br>vs.<br><br>SCARLET LAND SERVICES, LLC AND J. MARCUS DAVIS.<br><br>    Defendants. | **ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION ECF 46 AND VACATING HEARING.**<br><br>Case No. 2:25-cv-00520-DAK-CMR<br><br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiffs' Short Form Discovery Motion (Motion) (ECF 46) to compel production of documents pertaining to Defendants' other royalty assignments and communications regarding the same. The court had set this matter for a hearing, but upon reviewing the parties' briefing on the Motion, the court has determined that oral argument would not materially assist it in deciding the issue. Consequently, the court decides the issue on the briefs and vacates the hearing set for May 13, 2026, at 10 a.m. For the reasons set forth below, the Motion is GRANTED.

## I.        RELEVANT BACKGROUND

Plaintiffs allege that Defendants have systematically defrauded at least fifty individuals out of their Utah mineral rights by deceiving individuals throughout the Unita Basin into entering into "One-Year" assignments, which allegedly last forever (ECF 46, *see also* ECF 54). The two Plaintiffs in this action claim they are among the many victims of this "scam" (*id.*). Plaintiffs assert nine causes of action for fraudulent inducement, fraud, unilateral mistake, declaratory judgment, civil conspiracy, civil RICO, and punitive damages (*see* ECF 54).

The present Motion concerns Plaintiffs' First Set of Requests for Production (RFP), in

1

which Plaintiffs request Defendants to produce documents regarding their other royalty assignments, including copies of all such assignments, Defendants' communications with assignors and well operators, and documents showing how Defendants obtained and disbursed funds to purchase the assignments (RFPs 1–3, 6–8; ECF 46 at 9–12). Plaintiffs also request that Defendants produce documents reflecting the drafting of the assignments and showing how Defendants determined who would receive the offers (RFPs 4–5; ECF 46 at 10). Though Plaintiffs' requests were not initially geography-limited and covered a three-year period, in the Motion, Plaintiffs clarify they narrowed the requests to information regarding royalty assignment "in Utah from November 2023 to December 2024" (ECF 46 at 2 n.2).

Defendants object to producing documents regarding other assignments, arguing that production of other assignments is irrelevant because Plaintiffs' Causes of Action turn on what Defendants told Plaintiffs, what Plaintiffs understood at the time of execution, and whether Defendants made any misrepresentations to Plaintiffs (ECF 49 at 2). Defendants assert that this information is irrelevant because "[f]raud is a personal claim that must be proven by evidence of misrepresentation, reliance, and causation specific to the defrauded party" (*id*.). Defendants further argue that the requests are overly broad (ECF 49).

## II.    LEGAL STANDARD AND DISCUSSION

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, at *1 (D. Utah May 8, 2017) (citation and internal quotation

marks omitted). However, if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the court must limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). Relevant considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). *Mod. Font Applications v. Alaska Airlines*, No. 2:19-CV-00561-DBB-CMR, 2020 WL 3065157, at *3 (D. Utah June 9, 2020).

The court notes that neither party cited any case law addressing either relevance or breadth in the context of the claims at issue here. Rather, Plaintiffs argue they are entitled to this information to demonstrate a pattern and practice of Defendants, specifically arguing "Defendants' dealings with other assignors will corroborate Plaintiffs' testimony and are relevant in proving that Defendants (i) intentionally misled their victims into believe they were granting one-year leases and (ii) knowingly took advantage of assignors' misunderstandings" (ECF at 46 at 3). Defendants argue all Plaintiffs causes of action turn on what was told to Plaintiffs, and no one else as fraud is a "personal claim" (ECF 49 at 2).

The court finds the information to be relevant. "In actions involving fraud, evidence of the same or similar fraudulent misrepresentations made to someone other than the injured party is competent and relevant for establishing the elements of knowledge, malice, and intent to defraud." *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2018 WL 3055869, at *7 (D. Kan. June 20, 2018) (citing *Brunett v. Albrecht*, 248 Kan. 634, 810 P.2d 276, 639 (1991); *accord Sentry Ins. v. Shivers*, No. CIV. A. 95-2025-GTV, 1996 WL 61771, at *1 (D. Kan. Feb. 6,

3

1996) (finding same as *Pipeline Prods., Inc.*, while also discussing the difference of relevance at trial from relevance at discovery stage, which is a broad standard).

The court also does not find Defendants' arguments that the requests are overly broad or disproportionate to the importance of the issues and the amount in controversy to be persuasive. Plaintiffs have narrowed the information requested to Utah from November 2023 to December 2024, which helps address some of the overly broad concerns.

### III.    CONCLUSION

For these reasons stated above, the court **GRANTS the Motion** and vacates the hearing set for May 13, 2026, at 10 a.m. Defendants are ordered to fully and completely respond to RFPs 1–3, and 4–8, as modified to "Utah from November 2023 to December 2024" within 20 days of this Order.

DATED this 12 May 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah